1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7
8
9
10
11
12

| | |
|---|---|
| BARBARA P.,<br><br>                           Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                          Defendant. | NO. 2:21-CV-0117-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

13
14
15
16
17

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 21, 22). This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

18

## JURISDICTION

19
20

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: The Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded by regulation on other grounds*.  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id.*  An "error is harmless where it is 'inconsequential to the

1    ultimate nondisability determination.'"  *Id.* at 1115 (citation omitted).  The party

2    appealing the ALJ's decision generally bears the burden of establishing that it was

3    harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

4    <center>**FIVE STEP SEQUENTIAL EVALUATION PROCESS**</center>

5         A claimant must satisfy two conditions to be considered "disabled" within

6    the meaning of the Social Security Act.  First, the claimant must be unable "to

7    engage in any substantial gainful activity by reason of any medically determinable

8    physical or mental impairment which can be expected to result in death or which

9    has lasted or can be expected to last for a continuous period of not less than 12

10   months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

11   impairment must be "of such severity that [he or she] is not only unable to do [his

12   or her] previous work[,] but cannot, considering [his or her] age, education, and

13   work experience, engage in any other kind of substantial gainful work which exists

14   in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15        The Commissioner has established a five-step sequential analysis to

16   determine whether a claimant satisfies the above criteria.  *See* 20 §§

17   404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

18   considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

19   416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

20

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity" ("RFC"). RFC, defined generally as the claimant's ability to perform physical and mental work activities on a sustained

basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

*Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On January 30, 2019, Plaintiff filed applications for Title II period of

disability and disability insurance benefits and Title XVI supplemental security

income.  Tr. 243-253.  The applications were denied initially, Tr. 127-142, and on

reconsideration.  Tr. 146-159.  On August 6, 2020, Plaintiff appeared at a hearing

before an administrative law judge ("ALJ").  Tr. 31-74.  On October 16, 2020, the

ALJ denied Plaintiff's claims.  Tr. 12-30.

At step one of the sequential evaluation process, the ALJ found Plaintiff had

not engaged in substantial gainful activity since July 24, 2018, the alleged onset

date.  Tr. 18.  At step two, the ALJ found Plaintiff had the following severe

impairments: lumbar degenerative disc disease, obesity, anxiety, depression, and

personality disorder.  *Id.*  At step three, the ALJ found Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the

severity of a listed impairment.  *Id.*  The ALJ then found Plaintiff had the RFC to

perform light work with the following limitations:

1
2
3
4

> [Plaintiff] could lift 25 pounds occasionally and 15 pounds frequently
> with no limitations on sitting and standing and walking for six hours
> in a day for two hours at a time. She could occasionally kneel,
> crouch, and crawl; never climb ladders, ropes, or scaffolds; and never
> operate heavy or hazardous machinery. She could have occasional
> brief contact with coworkers and the public. She should be limited to
> simple routine jobs with only occasional changes to work.

5  Tr. 20.

6        At step four, the ALJ found Plaintiff was unable to perform any past relevant

7  work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age,

8  education, work experience, and RFC, there were other jobs that existed in

9  significant numbers in the national economy that Plaintiff could perform such as

10 office helper, collator operator, and production assembler. Tr. 25. The ALJ

11 concluded Plaintiff was not under a disability, as defined in the Social Security

12 Act, from July 24, 2018 through October 16, 2020, the date of the ALJ's decision.

13 Tr. 26.

14       On January 14, 2021, the Appeals Council denied review, Tr. 1-6, making

15 the ALJ's decision the Commissioner's final decision for purposes of judicial

16 review. *See* 42 U.S.C. § 1383(c)(3).

17                                    **ISSUES**

18       Plaintiff seeks judicial review of the Commissioner's final decision denying

19 disability insurance benefits and supplemental security income benefits under Title

20

II and Title XVI of the Social Security Act.  Plaintiff raises the following issues for

this Court's review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom testimony;

2.  Whether the ALJ properly evaluated the medical opinion evidence; and

3.  Whether the ALJ conducted a proper analysis at step five.

ECF No. 21 at 6-7.

## DISCUSSION

### A.  Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to

discredit her symptom testimony.  ECF No. 21 at 16-20.

An ALJ engages in a two-step analysis to determine whether to discount a

claimant's testimony regarding subjective symptoms.  Social Security Ruling

("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether

there is 'objective medical evidence of an underlying impairment which could

reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*,

674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

"The claimant is not required to show that her impairment 'could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show

that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572

1    F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir.

2    2007)).

3         Second, "[i]f the claimant meets the first test and there is no evidence of

4    malingering, the ALJ can only reject the claimant's testimony about the severity of

5    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

6    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

7    omitted).  General findings are insufficient; rather, the ALJ must identify what

8    symptom claims are being discounted and what evidence undermines these claims.

9    *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

10   *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

11   explain why he or she discounted claimant's symptom claims).  "The clear and

12   convincing standard is the most demanding required in Social Security cases."

13   *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r*

14   *of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

15        Factors to be considered in evaluating the intensity, persistence, and limiting

16   effects of a claimant's symptoms include: (1) daily activities; (2) the location,

17   duration, frequency, and intensity of pain or other symptoms; (3) factors that

18   precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and

19   side effects of any medication an individual takes or has taken to alleviate pain or

20   other symptoms; (5) treatment, other than medication, an individual receives or has

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. §§ 416.929(c)(3), 416.929(c)(3).  The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence.  Tr. 22.

### 1. *Objective Medical Evidence*

The ALJ found Plaintiff's symptom complaints regarding mental and physical conditions inconsistent with the objective medical evidence in the record.  Tr. 21.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856-857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the objective medical evidence is a relevant factor, along with

1   the medical source's information about the claimant's pain or other symptoms, in

2   determining the severity of a claimant's symptoms and their disabling effects.

3   *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

4        As to the mental health conditions, the ALJ found the objective medical

5   evidence does not support Plaintiff's level of disabling allegations.  Tr. 21.  The

6   ALJ notes Plaintiff's mental status examinations have been almost entirely within

7   normal limits, with Plaintiff presenting as alert, oriented x4, cooperative and

8   pleasant, with good grooming and hygiene, and good eye contact.  *Id.*  Moreover,

9   the ALJ noted Plaintiff demonstrated a normal mood and affect, good command of

10  English, speech with normal rate, tone and volume, normal thought process and

11  thought content, normal insight and judgment, normal concentration, and normal

12  memory.  *Id.* (citations to the record omitted).  Finally, the ALJ noted that the

13  record contains a few mentions of a depressed/anxious mood and affect, fair

14  concentration, and fair to poor insight, but the ALJ accommodated for these

15  symptoms in the RFC.  *Id.* (citations to the record omitted).

16       As to Plaintiff's physical condition of lumbar degenerative disc disease, the

17  ALJ found lumbar imaging showed minimal degenerative changes, mild to

18  moderate multilevel lumbar facet arthropathy, and no significant alignment

19  abnormalities.  Tr. 21 (citations to the record omitted).  As an example, the ALJ

20  cited a June 2018 lumbar MRI showing no significant alignment abnormalities but

a small disc bulge centrally at L4-L5 with no nerve root compression. *Id.*

Additionally, the ALJ found physical examinations showed Plaintiff in no acute

distress, with full range of motion of the upper and lower extremities, no motor or

sensory deficits, 5/5 strength throughout, intact cranial nerves, a normal gait and

station, and negative straight leg raises. *Id.* (citations to the record omitted).

Finally, the ALJ noted Plaintiff regularly denied joint or back pain, stiffness,

muscle weakness, loss of strength, and muscle aches at her appointments. *Id.*

(citations to the record omitted).

The ALJ reasonably concluded the objective medical evidence was

inconsistent with Plaintiff's allegations of disabling mental and physical health

conditions. This finding is supported by substantial evidence. While a different

interpretation could be made based on some of the objective medical evidence, the

ALJ articulated several other supported grounds for discounting Plaintiff's reported

symptoms. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1163 (9th Cir. 2008);

*Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (upholding the ALJ where

"the ALJ here considered other factors and found additional reasons for

discrediting Plaintiff's subjective symptom testimony.").

### 2.   Course of Treatment

The ALJ found Plaintiff's alleged symptoms inconsistent with her course of

mental health treatment. Tr. 21. The claimant's course of treatment is a relevant

1   factor in determining the severity of alleged symptoms.  20 C.F.R. §§

2   416.929(c)(3), 416.929(c)(3).  The unexplained or inadequately explained failure

3   to seek treatment or follow a prescribed course of treatment may serve as a basis to

4   discount a claimant's alleged symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th

5   Cir. 2007).  Relatedly, improvement with treatment is another relevant factor.

6   *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)

7   (determining that conditions effectively controlled with medication are not

8   disabling for purposes of determining eligibility for benefits); *Tommasetti v.*

9   *Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response

10  to treatment can undermine a claimant's complaints of debilitating pain or other

11  severe limitations).

12        The ALJ found Plaintiff sought routine and periodic medication

13  management for psychological issues.  Tr. 21.  The ALJ noted Plaintiff reported

14  her medications were working well and her care providers often documented that

15  her mental impairments were stable.  *Id.* (citations to the record omitted).  In

16  January 2019, Plaintiff stopped counseling as she was doing well, was

17  accomplishing several projects she set goals to complete, and was getting along

18  with her family.  *Id.* (citation to the record omitted).  This finding is supported by

19  substantial evidence.

20  //

3.  *Situational Stressors*

The ALJ found Plaintiff's alleged disabling symptoms were aggravated or caused by situational stressors.  Tr. 21.  An ALJ may discount a claimant's symptom testimony if a claimant suffers from limitations as a result of situational stressors that are transient rather than due to medical impairments.  *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998).

The ALJ found Plaintiff's symptoms were typically influenced by situational stressors, such as criminal charges, deaths in the family, and conflicts with her partner.  Tr. 21 (citations to the record omitted).  For example, Plaintiff was arrested for a suspicious check which triggered her anxiety, the news of which spread publicly causing Plaintiff to fall into a deeper depression.  Tr. 22.  After Plaintiff started to feel better, she received some "paperwork" for related court proceedings which again triggered anxiety, depression, and isolation.  *Id.*  The ALJ found that her waxing and waning symptoms of depression and anxiety increased during legal activity and Plaintiff was also able to relax and enjoy other anxiety inducing situations such as traveling and attending events.  Tr. 23.  While the record does not conclusively support that Plaintiff's mental health symptoms were solely related to situational stressors, it is the ALJ's role to resolve conflicts in the evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's finding that Plaintiff's mental health symptoms were largely related to situational

1    stressors is a reasonable interpretation of the record.  This finding is supported by

2    substantial evidence.

3        *4.  Daily Activities*

4        The ALJ found that Plaintiff's alleged symptoms were inconsistent with her

5    daily activities.  Tr. 1050.  The ALJ may consider a claimant's activities that

6    undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a

7    substantial part of the day engaged in pursuits involving the performance of

8    exertional or non-exertional functions, the ALJ may find these activities

9    inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*,

10   674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to

11   be eligible for benefits, the ALJ may discredit a claimant's testimony when the

12   claimant reports participation in everyday activities indicating capacities that are

13   transferable to a work setting" or when activities "contradict claims of a totally

14   debilitating impairment."  *Molina*, 674 F.3d at 1112-13 (internal citation and

15   quotation marks omitted).

16       Here, the ALJ found activities undermined her allegations of disabling

17   physical limitations.  Tr. 21.  While Plaintiff made allegations of severe anxiety,

18   significant isolating, and difficulty being in crowds, the ALJ noted that Plaintiff

19   attends church, visits a friend in Richland, Washington on the weekends, enjoyed a

20   cruise, enjoyed a camp with her daughter and other girls, and planned on running a

booth at a craft fair to sell crafts but had to back out due to not being ready and due to a funeral she would attend for a church member.  *Id.* (citations to the record omitted).  Regarding her back allegations, Plaintiff went on holiday to Bayview State Park to collect seashells and got outside regularly.  Tr. 23 (citations to the record omitted).  Plaintiff largely contests the daily activities finding by arguing the ALJ misstated why she was unable to attend the craft fair.  ECF No. 21 at 18.  However, Plaintiff provided conflicting reasons why she did not attend.  Plaintiff's testimony at the hearing was that she backed out of the craft fair due to anxiety which conflicts with the reason she provided earlier.  *Compare* Tr. 21 (citing Tr. 620 (had to back out because "neither [Plaintiff nor sister] are ready … [Plaintiff is] slightly disappointed … Would have gone through with it if her sister had been ready.") *with* Tr. 42 ("[A]s it got closer to time for the craft fair, my anxiety kicked in, and I realized there were going to be a bunch of people I didn't know… And so I talked to my sister and told her I didn't think I could do it.  And she didn't [think] she could do it without me, and so we backed out of it.").  Plaintiff's changing rationale of why she backed out of the fair does not overturn the ALJ's rational interpretation of the conflicting evidence and other evidence of daily activities.  The ALJ reasonably concluded that these activities contradicted Plaintiff's claims of debilitating impairments.  This finding is supported by substantial evidence.

1    The ALJ's finding that Plaintiff's subjective symptom testimony conflicted

2    with the evidence in a multitude of ways was clear, convincing, and properly

3    supported by substantial evidence.

4    **B.  Medical Evidence**

5    Plaintiff challenges the ALJ's evaluation of the opinions of Michelle Taylor,

6    DNP, ARNP, PMHNP-BC and Patricia Williamson, ARNP.

7    As an initial matter, for claims filed on or after March 27, 2017, new

8    regulations apply that change the framework for how an ALJ must evaluate

9    medical opinion evidence.  20 C.F.R. §§ 404.1520c, 416.920c(c); *see also*

10   *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL

11   168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new

12   regulations because Plaintiff filed her Title II and XVI claims after March 27,

13   2017.  *See* Tr. 23.

14   Under the new regulations, the ALJ will no longer "give any specific

15   evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

16   168819, 82 Fed. Reg. 5844-01, 5867–68 (codified at 20 C.F.R. pts. 404 & 416).

17   Instead, an ALJ must consider and evaluate the persuasiveness of all medical

18   opinions or prior administrative medical findings from medical sources.  20 C.F.R.

19   §§ 404.1520c(a)-(b), 416.920c(a)-(b).

20

1        The factors for evaluating the persuasiveness of medical opinions and prior

2   administrative medical findings include supportability, consistency, relationship

3   with the claimant, specialization, and "other factors that tend to support or

4   contradict a medical opinion or prior administrative medical finding" including but

5   not limited to "evidence showing a medical source has familiarity with the other

6   evidence in the claim or an understanding of our disability program's policies and

7   evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

8        The ALJ is required to explain how the most important factors,

9   supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2),

10   416.920c(b)(2).   These factors are explained as follows:

11       (1) *Supportability.* The more relevant the objective medical evidence and
     supporting explanations presented by a medical source are to support his

12   or her medical opinion(s) or prior administrative medical finding(s), the
     more persuasive the medical opinions or prior administrative medical

13   finding(s) will be.

14       (2) *Consistency.* The more consistent a medical opinion(s) or prior
     administrative medical finding(s) is with the evidence from other medical

15   sources and nonmedical sources in the claim, the more persuasive the
     medical opinion(s) or prior administrative medical finding(s) will be.

16

17   20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

18        The ALJ may, but is not required to, explain how "the other most persuasive

19   factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§

20   404.1520c(b)(2), 416.920c(b)(2).  However, where two or more medical opinions

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    or prior administrative findings "about the same issue are both equally well-

2    supported . . . and consistent with the record . . . but are not exactly the same," the

3    ALJ is required to explain how "the most persuasive factors" were considered.  20

4    C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

5         These regulations displace the Ninth Circuit's standard that require an ALJ

6    to provide "specific and legitimate" reasons for rejecting an examining doctor's

7    opinion.  *Woods v. Kijakazi*, -- F.4th --, 2022 WL 1195334, at *1 (9th Cir. Apr. 22,

8    2022).  As a result, the ALJ's decision for discrediting any medical opinion "must

9    simply be supported by substantial evidence."  *Id.*

10       *1.  Michelle Taylor, ARNP*

11        The ALJ found Ms. Taylor's opinion unpersuasive.  Tr. 24.  Ms. Taylor

12   opined Plaintiff would be off task 21-30% of the day and would miss 3 days of

13   work per month.  Tr. 24 (citing Tr. 660-663).  By way of example, the ALJ noted

14   that while Ms. Taylor rated Plaintiff as having mild limitations in understanding

15   and memory, Ms. Taylor also rated Plaintiff's as having moderate limitations in

16   understanding, remembering, and applying information in paragraph "B" criteria,

17   except for adapting or managing oneself which was rated as markedly limited.  *Id.*

18   The ALJ found also the ratings inconsistent with Ms. Taylor's own treatment notes

19   and the objective longitudinal record, which the ALJ noted showed reports of

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    stable condition and intact memory and concentration.  *Id.* (citations to the record

2    omitted).  The ALJ's finding is supported by substantial evidence.

3         Plaintiff argues the ALJ harmfully erred because (1) basic work capabilities

4    are separate categories from the paragraph "B" functioning criteria, (2) mild and

5    moderate limitations are not disabling, and (3) Plaintiff does not allege that she has

6    disabling limitations in understanding, memory, or applying information.  ECF No.

7    21 at 11.  The ALJ used the inconsistent memory findings as an example.  Tr. 24.

8    The ALJ found Ms. Taylor's other ratings inconsistent with the record.  *Id.*  For

9    example, Ms. Taylor rated Plaintiff as markedly limited in attention and

10   concentration for extended periods, Tr. 660, but the ALJ cited to records that

11   demonstrate Plaintiff had numerous instances of no difficulty with attention span

12   and concentration.  *See, e.g.*, Tr. 24 (citing Tr. 362, 493, 531, 544, 563, 588, 598,

13   608, 630, 647).  The ALJ's assessment of this opinion is supported by substantial

14   evidence.

15        *2.  Patricia Williamson, ARNP*

16        The ALJ found Ms. Williamson's opinion unpersuasive.  Tr. 24.  While Ms.

17   Williamson opined Plaintiff would miss 2 to 4 days of work weekly and be off task

18   30% of the day due to physical and mental impairments, Tr. 664-666, the ALJ

19   found these severe ratings inconsistent with predominantly normal physical exams

20   (despite back impairments) and stable mental health conditions where medications

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1   provided relief and control, and Plaintiff canceled counseling due to feeling well.

2   *Id.* (citations to the record omitted).

3        Plaintiff argues the ALJ harmfully erred by ignoring the impairments Ms.

4   Williamson based her disabling assessment on as well as mischaracterizing the

5   record and exclusion of Plaintiff's waxing and waning symptoms.  ECF No. 21 at

6   15.  As noted *supra*, the ALJ reasonably interpreted the record and the ALJ

7   accounted for Plaintiff's waxing and waning symptoms in finding the symptoms

8   largely flared when situational stressors were present.  The ALJ's assessment of

9   this opinion is supported by substantial evidence.

10       In sum, the ALJ did not harmfully err in assessing these medical opinions.

11  **C.  Step Five**

12       Plaintiff challenged the ALJ's analysis at step five on the grounds that the

13  ALJ improperly relied on the vocational expert testimony based on an incomplete

14  hypothetical.  ECF No. 21 at 20.  Plaintiff contends that when presented with the

15  hypothetical limitations of absences more than one day per month, off-task 21-30%

16  of the time, or the need to lie down one to three times per week for one to two

17  hours at a time, the vocational expert testified that such limitations individually

18  would preclude an individual from competitive employment.  *Id.*

19       Plaintiff has shown no error on the part of the ALJ nor any error in finding

20  Plaintiff's residual functional capacity.  These hypothetical limitations are based on

Plaintiff's own subjective reports and the opinion of an ARNP, whose findings the ALJ reasonably discounted based on substantial evidence in the record. Accordingly, the RFC and relied upon-hypothetical presented to the vocational expert are supported by substantial evidence and no reversible error has been shown.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 21) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 22) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED May 2, 2022.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22